NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUKE D. THOMAS, | No. 24-5005 |
| Plaintiff - Appellant, | D.C. No. 3:23-cv-05697-MLP |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Submitted August 21, 2025**
Portland, Oregon

Before: CALLAHAN, M. SMITH, and MENDOZA, Circuit Judges.

Luke Thomas appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental security income. We review the district court's decision

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo and will "set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (quoting *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009)). Substantial evidence is "more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Thomas argues that the Administrative Law Judge ("ALJ") erred by discounting the medical opinions by Dr. David T. Morgan and Dr. Holly Petaja. "'The most important factors' that the agency considers when evaluating the persuasiveness of medical opinions are 'supportability' and 'consistency.'" *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(a)). The ALJ found that the doctor's opinions were not adequately supported because Dr. Morgan's opinion was based largely on Thomas's subjective complaints, and Dr. Petaja's opinion was based on Dr. Morgan's opinion. As to consistency, the ALJ found the opinions to be inconsistent with the longitudinal record that demonstrates Thomas had not been hospitalized since August 2018, and he had "mostly normal attention and concentration, . . . mostly appropriate interactions with providers, . . . reports of improvements in symptoms and functioning, and . . . reports of [Thomas] being active in" several activities. *See Stiffler v. O'Malley*,

102 F.4th 1102, 1107 (9th Cir. 2024) (concluding that the ALJ "reasonably concluded that [claimant]'s 'significant' daily activities" undermined the medical opinion). Such activities include "being active in managing a sober living home, ushering at church, volunteering, and preparing meals." Although Thomas disputes the characterization of his activities, an ALJ's different rational interpretation is not error. *See Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (affirming ALJ's decision where evidence of daily activities was susceptible to more than one rational interpretation). Thus, the ALJ's conclusion that the opinions are unpersuasive due to inconsistency and lack of support is supported by substantial evidence. *See Woods*, 32 F.4th at 792–93.

2. Thomas also argues that the ALJ failed to properly evaluate the medical findings of Dr. Matthew Comrie and Dr. John D. Gilbert. Here, too, the ALJ provided adequate reasons to find the physicians' opinions to be only partially persuasive. The ALJ noted the inconsistency of the opinion with the record evidence, which demonstrated Thomas was more capable than asserted by the physicians. But even so, the ALJ limited Thomas's RFC to no more than "occasional contact with the general public, coworkers, and supervisors." The remainder of the physicians' opinions are adequately incorporated into Thomas's Residual Functional Capacity ("RFC"). Thus, the ALJ's evaluation of the medical opinions is supported by substantial evidence. *See id.*

3

3. The ALJ offered "specific, clear, and convincing reasons" for discounting Thomas's testimony. *See Smartt*, 53 F.4th at 494–95. The ALJ found that Thomas's allegations of impairments contradicted the medical record and his daily activities. The ALJ cited normal clinical findings over time, which documented largely unremarkable objective findings, including normal attention, concentration, and memory. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Additionally, the ALJ noted multiple daily activities that Thomas engaged in that indicate he is "less limited than would be expected given his allegations of disabling symptoms and limitations." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination."). For instance, Thomas claimed that he did not prepare meals, but then he reported that his residential treatment facility provided the meals, and in late 2021 he was making five course meals a couple times a week and contemplating opening a food truck business. The ALJ also noted that Thomas's heightened symptoms often arose from situation stressors. *See* 20 C.F.R. § 404.1529(c)(3)(iii) (indicating ALJ can consider precipitating and aggravating factors when evaluating symptom testimony). Accordingly, the ALJ provided clear and convincing reasons for discounting Thomas's testimony that are

4

supported by substantial evidence. *See Smartt*, 53 F.4th at 494.

4. Thomas argues that the ALJ erred in not "fully credit[ing]" lay witness Taizak Fortner's testimony. The ALJ did evaluate Mr. Fortner's testimony, and his reasoning for disregarding it is supported by substantial evidence. Mr. Fortner's testimony provided substantially the same account of Thomas's symptoms and impairment as Thomas did. And as discussed above, the ALJ provided sufficient reasons for rejecting Thomas's testimony as inconsistent with the record. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding the ALJ could reject lay witness testimony for the same reasons the ALJ validly discounted a claimant's similar allegations). Additionally, the ALJ noted that because Mr. Fortner was not Thomas's case manager, his limited contact with Thomas limits the applicability of his testimony in evaluating Thomas's RFC.

5. Lastly, the evidence submitted to the Appeals Council does not bring the ALJ's decision into question, as the new relevant evidence largely overlaps with the medical records already considered by the ALJ and thus would not change the ALJ's conclusion. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162–63 (9th Cir. 2012).

6. Because we find no error in the ALJ's assessment of the record evidence, substantial evidence supports the ALJ's RFC assessment and step five findings. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) (rejecting

5

claimant's step five challenge where she "simply restate[d] her argument that the ALJ's RFC finding did not account for all her limitations"); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("[I]n hypotheticals posed to a vocational expert, the ALJ must only include those limitations supported by substantial evidence.").

**AFFIRMED**.